| | |
|---|---|
| WINDELS MARX LANE & MITTENDORF, LLP<br>*Attorneys for Alan Nisselson, Ch. 7 Trustee*<br>156 West 56th Street<br>New York, New York 10019<br>Telephone (212) 237-1000<br>Attorney Appearing: Alan Nisselson<br>(anisselson@windelsmarx.com) | Hearing Date: August 7, 2024 at 2:30 p.m.<br>Related Dkt. Nos. 34 and 35 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TAHIRA ZAFAR,<br><br>                              Debtor. | Chapter 7<br><br>Case No. 1-18-44333-nhl |

**TRUSTEE'S REPLY TO DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO
APPROVE PAYMENT OF A MEDICAID LIEN ASSERTED AGAINST PROCEEDS OF
THE DEBTOR'S PERSONAL INJURY ACTION SETTLEMENT**

**TO THE HONORABLE NANCY-HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "***Trustee***"), Trustee of the Chapter 7 estate (the "***Estate***") of Tahira Zafar (the "***Debtor***"), by his attorneys, Windels Marx Lane & Mittendorf, LLP, respectfully submits this reply to the Debtor's Objection (Dkt. No. 35) (defined and described below) to the Trustee's motion to approve payment of a Medicaid lien from the settlement proceeds of the Debtor's personal injury action (Dkt. No. 34), and in support, respectfully states the following.

**I.    Background**

1.    On July 26, 2018 (the "***Petition Date***"), the Debtor filed a petition for relief under chapter 7 the Bankruptcy Code, by her attorneys The Law Office of Mark E Cohen.

2.    The Trustee is the duly qualified and permanent trustee for the Debtor's Estate.

**II.    The Personal Injury Action and Its Settlement**

3.    The Debtor's scheduled assets include the pre-Petition Date case she commenced in the Supreme Court, State of New York, County of Queens, to recover damages from Concord Owners, Inc. and Bell Realty Management, Inc. for injuries the Debtor sustained from a fall (the

"*Personal Injury Action*").

4.        On July 22, 2020, the Trustee filed a motion (Dkt. No. 21) (the "***Settlement Motion***") for: (i) approval pursuant to Bankruptcy Rule 9019(a) of the mediated settlement of the Personal Injury Action for $175,000 ("***Settlement***"); (ii) allowance and payment of fees of $37,473.87 and expenses of $6,435.00 to Trustee's special personal injury attorneys Omrani & Taub, P.C. (the "***Omrani Firm***"), and fees of $18,708.84 to Farris A. Fayyaz, Esq. pursuant to a contingency fee agreement, a Co-Counsel agreement, and Bankruptcy Code §§ 328 and 330; (iii) payment of Debtor's claimed exemptions in the Personal Injury Action for $36,575.00 (the "***Exemptions***"); and (iv) payment of a medical lien of $1,200.00 asserted against the Settlement by Comprehensive Orthopedic & Spine Care.  By Order dated July 22, 2020, the Court approved the Settlement.  (Dkt No. 26).

5.        The Trustee respectfully refers the Court to the Settlement Motion for a fuller discussion of the Personal Injury Action and the Settlement.

### III.    The Medicaid Lien and Trustee's Motion for Its Approval

6.        After the Court approved the Settlement, James Forde, Esq. of the Omrani Firm disclosed to the Trustee that the New York City Department of Social Services ("***DSS***") asserts a Medicaid Lien of $50,210.71 against the Settlement for amounts paid on behalf of the Debtor for medical services the Debtor received to treat injuries she suffered related to the Personal Injury Action.  Mr. Forde also confirmed these charges underlying the lien were related to medical treatments for the injuries suffered by the Debtor in connection with the Personal Injury Action.

7.        Mr. Forde advised the Trustee that prior to obtaining the Settlement, the Omrani Firm had requested a lien determination from the DSS but received no response.  As a result, special personal injury attorneys assumed there was no Medicaid Lien.  After the Court approved the Settlement, Mr. Forde corresponded with DSS and determined that special personal injury

attorneys did not receive the Medicaid Lien information because DSS had responded to an incorrect facsimile number.

8.      On April 4, 2024, the Trustee filed the Motion pursuant to Bankruptcy Code § 725 to approve the Medicaid Lien.  (Dkt. No. 34).  The Trustee respectfully refers the Court to the Motion for a full accounting and discussion of the Medicaid Lien.

## IV.    Debtor's Objection

9.      On June 11, 2024, the Debtor, pro se,[1] filed the Objection to the Motion (Dkt. No. 35) ("**Objection**").  In the Objection, the Debtor argues that DSS provided insufficient notice of the lien under section 104-b of the New York Social Services Law ("**SSL**").

10.     The Debtor further alleges that "the trustee's handling of the Medicaid lien suggests a potential alignment with the Department of Social Services' interests rather than a focus on my welfare and financial recovery.  This approach appears to neglect the fiduciary duty to protect my interests as the debtor".

11.     The Debtor also argues that "Equity and fairness principles, which are integral to the judicial system, necessitate a reassessment of this situation, considering the impact of administrative errors on my financial and physical well-being".

## V.     DSS Reply

12.     In response to the Debtor's Objection, on July 23, 2024, DSS filed the Affidavit of Paul Umansky ("**DSS Reply**").  While the DSS Reply contains an acknowledgement that DSS faxed its interim lien to an incorrect fax number, it also provides information documenting that it filed its lien with the New York County Clerk's Office on October 23, 2018, and in response to a request by Debtor's counsel on July 24, 2020, provided the final lien amount in a notice date August 3, 2020 by mail and email.  *See* DSS Reply ¶¶ 6, 7 and 8.

---

[1] The Debtor retained Mark E. Cohen, Esq, to represent her in the chapter 7 case, but filed the Objection pro se.

13.     The DSS Reply affirmatively denies that there was any delay in DSS's notification of its lien or that the Debtor's due process was compromised.  The DSS Reply asserts that DSS followed applicable law and procedure and therefore "has a statutory lien and a subrogated right to be paid for the Medicaid benefits expended for the causally related injuries in the Debtor's personal injury action".  *See* DSS Reply ¶ 9.

## VI.    <u>Trustee's Reply</u>

14.     The Trustee files this Reply to correct misstatements that appear in the Objection based on misperception of the facts.

15.     First, unless the Medicaid Lien is significantly reduced, it is unlikely the Debtor will receive any additional distribution from the Settlement other than her allowed exemptions for $36,575.00.  Based upon the Settlement and the claims filed against the Estate, if the Medicaid Lien is deemed secured, the amounts to be paid from the Settlement to Trustee's special personal injury attorneys, Comprehensive Orthopedic & Spine Care, DSS, and the Debtor for her exemptions will leave $24,396.58 to pay chapter 7 administrative expenses and allowed general unsecured claims.  (Currently, there are eight timely filed general unsecured claims aggregating $20,187.16.)  The Trustee estimates this will result in an approximate pro rata distribution of 25% to these holders of allowed general unsecured claims.

16.     If the Medicaid Lien is reclassified as a general unsecured claim, the Trustee estimates that holders of allowed general unsecured claims, including DSS, will receive an approximate pro rata distribution of 75%.

17.     The Debtor incorrectly alleges in the Objection that the Trustee is aligned with the interests of DSS, and that equity requires consideration of the impact of administrative errors on her financial and physical well-being.  The Trustee's fiduciary duty is to collect assets of the estate and to distribute funds collected to creditors and lienholders with legitimate claims.  *See*

Bankruptcy Code § 704(a)(1) and (2).  Accordingly, the Trustee's primary role is to marshal and liquidate the Debtor's assets for the benefit of creditors.  In that regard, the Trustee will follow and adhere to any ruling the Court may make on the Motion regarding the Medicaid Lien.

18.     It is the duty of a litigant entitled to receive Medicaid reimbursement to verify there is a lien against any recovery they may receive as a result of injuries.

19.     Applicable state law requires Medicaid recipients to identify third parties who may be liable to pay, and to assign the right to such reimbursement to the local social services agencies, who are in turn required to seek repayment of Medicaid insurance benefits when a beneficiary has access to alternative healthcare funding, including recovery for those expenses via a personal injury settlement or verdict.  *See* SSL § 366(4)(h)(1) and 18 NYCRR 360-7.4(a)(4).  When a beneficiary receives payment for care from a third party deemed at-fault for such medical expenses, New York state law allows for the subrogation of repayment claims. Social services agencies are entitled to pursue repayment from the plaintiff's personal injury settlement proceeds by filing a lien.  SSL § 104-b.

20.     Lastly, the Debtor's Objection raises a substantial issue as to whether she has standing to assert it since after her exemption is paid she will not receive a distribution in the case since there are no surplus funds.  *See In re Friedberg*, 634 F. App'x 333, 334 (2d Cir. 2016) ("'a Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of assets or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid'") (quoting *60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.)*, 218 F.3d 109, 115 (2d Cir. 2000)); *Licata v. Coan (In re Licata)*, 659 F. App'x 704, 705 (2d Cir. 2016) (citing same).  *See also, In re Speer*, No. 3:16:cv-41-RNC, 2018 WL 1582516, at *2 (D. Conn. Mar. 31, 2018) (the "purpose of the bankruptcy system is 'to provide an efficient and expeditious administration of bankrupt estates'" and that the Second

Circuit's standard of "circumscribed standing provided to Chapter 7 debtors by the pecuniary-interest test serves this purpose by protecting the trustee against undue interference") (citation omitted)).

## VII.   Conclusion

21.     If the Court allows the Medicaid Lien as a secured claim, it will be paid from the Settlement proceeds with the other lien, claims, and Debtor exemptions approved by the July 22, 2020 Settlement approval order, which will leave $24,396.58 for payment of the Estate's administrative expenses and distribution to holders of allowed general unsecured claims.  If the Court allows and reclassifies the Medicaid Lien as a general unsecured claim, it will be paid pro rata with the other allowed general unsecured claims.  Either way, the Trustee does not believe sufficient funds will remain to make any distribution to the Debtor in addition to her exemption.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the Motion and such other relief as the Court deems just and proper.

Dated: New York, New York
     July 23, 2024

Respectfully Submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Alan Nisselson, Chapter 7 Trustee*

By:    */s/ Alan Nisselson*
       Alan Nisselson
       156 West 56th Street
       New York, New York 10019
       Telephone: (212) 237-1000
       Email: anisselson@windelsmarx.com