UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re

Tahira Zafar,

Debtor.

Chapter 7

Case No. 1-18-44333-nhl

**AFFIDAVIT OF PAUL UMANSKY**

TO THE HONORABLE NANCY-HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

STATE OF NEW YORK        )
                                            SS.:
COUNTY OF NEW YORK   )

**PAUL UMANSKY**, being duly sworn, deposes and says:

1. I am not a party to this Bankruptcy matter. I am employed by the NYC Department of Social Services (DSS), with the Office of Legal Affairs, Support and Lien Recovery Litigation Unit, which provides legal representation to the DSS's Office of Program Accountability's Lien and Recovery Division. I am a Paralegal Aide II and have been employed by the DSS's Office of Legal Affairs for approximately 9 years. My duties include the review and calculation of Medicaid liens that the New York City Department of Social services asserts in personal injury actions.

2. This affidavit is submitted in support of the Trustee's Motion to approve payment of a Medicaid lien asserted against a previously approved settlement of Debtor's Personal Injury action. My knowledge related to the Debtor's lien is from a review of records held in the ordinary course of business with the DSS.

3. DSS is New York State's local social services district required to assert statutorily required Medicaid and Public Assistance liens against personal injury actions on behalf of the City of New York.

1

4.	Upon information and belief and based upon a review of DSS's records held in the ordinary course of business, DSS asserted a Medicaid lien against the settlement of Debtor's personal injury settlement. The asserted lien represents medical services provided to the Debtor by Medicaid to treat her injuries related to the accident. The most recent lien was asserted by letter dated April 1, 2024, for the amount of $50,210.71.

5.	The NYC Department of Social Services asserts the Medicaid Lien pursuant to New York State Social Services Law sections 104-b, 367-a, and 369. New York's statutory scheme provides that the NYC Department of Social Services, "….shall be subrogated, to the extent of [its] expenditures for medical care furnished, to any rights such person may have to medical support or third-party reimbursement" (Social Services Law § 367-a[2][b]). To enable the public welfare official to enforce its substantive right to pursue repayment from responsible third parties (see, Matter of Costello v Geiser, 85 NY2d, at 108-109, supra), the New York Legislature enacted Social Services Law § 104-b, which authorizes the Department of Social Services to place a lien for public assistance on personal injury claims and suits against third parties to the extent of the expenditures made on the recipient's behalf. Once the statutory notice and filing requirements are met, the public welfare official's lien attaches to any verdict, judgment or award in any suit respecting such injuries, "as well as [to] the proceeds of any settlement thereof" (Social Services Law § 104-b[3]). The lien continues "until released and discharged by the local public welfare official" (id., § 104-b[5][b]).

6.	Upon information and belief and based upon a review of DSS records held in the ordinary course of business, on or about December 17, 2017, DSS faxed an interim lien. The interim lien was faxed to an incorrect fax number. DSS sent this document in response to an inquiry for an interim lien not a final lien.

7.	Upon information and belief and based upon a review of DSS's records held in

the ordinary course of business, DSS filed its lien with the New York County Clerk's Office on October 23, 2018. *See* Exhibit "A" a copy of the New York County Clerk's minutes providing for the filing of DSS's lien attached to this Affidavit.

8. Upon information and belief and based upon a review of DSS's records held in the ordinary course of business, Debtor's attorney mailed correspondence to DSS requesting a final lien dated July 24, 2020. The request was final because the information provided indicated the personal injury action had settled for a sum certain. DSS provided the final lien amount in a notice dated August 3, 2020, by mail and email.

9. Contrary to the Debtor's objection, there was no delay in DSS's notification of its lien. The Debtor's Objection characterizes to the Court that payment of DSS's lien is a "sudden imposition" due to the alleged lack of notification. There was no delay to notification to DSS's final lien, which is currently sought for payment in the instant matter, and as such, the Debtor's due process was not compromised. The Debtor or his counsel in fact had communication with the Agency regarding the final lien, and the Debtor was notified of the Medicaid Lien, imposed under statute. *See* N.Y. Soc Serv Law §§ 104-b, 367-a, and 369. As such, DSS has a statutory lien and a subrogated right to be paid for the Medicaid benefits expended for the causally related injuries in the Debtor's personal injury action.

_____
Paul Umansky
Paralegal Aide II
New York City Department of Social Services


State of New York    )
                     ) ss:
County of New York   )

On this 23rd day of July 2024, before me appeared, Paul Umansky, the undersigned, to me known to be the individual described in and who executed the foregoing instrument and acknowledged that she executed the same.

_____
NOTARY PUBLIC

RIGOBERTO MARTINEZ
Notary Public - State of New York
No. 02MA6140595
Qualified in Bronx County
My Commission Expires January 30, 2026

4

**Exhibit A**

# JDLS Detail

Index #: HMS769263  Type: Hospital Lien
County: New York  Court: CIVIL COURT
Filed: 10/23/2018
Total Debtors: 1

## Control Numbers

| Control # | Block | Lot | Debtor | Creditor | Creditor Atty | 3rd Party | Type | Date |
|---|---|---|---|---|---|---|---|---|
| 3782208-1 | | | ZAFAR, TAHIRA, | DIVISION OF LIENS AND RECOVERY | | | SOCIAL SERVICES LIEN | 10/23/2018 |

Accident Date: 03/03/2015

| Amount | | | Docketing Date | Effective Date | Dispo. Type | Dispo. Date | | SHER? |
|---|---|---|---|---|---|---|---|---|
| $212.67 | | | 10/23/2018 10:00:00 AM | 10/16/2018 10:00:00 AM | | | | |

## Parties

| Name | Party Type | Address |
|---|---|---|
| AMTRUST NORTH AMERICA | Alleged Liable | 875 AVENUE AMERICAS |
| | Claimant | 250 CHURCH STREET, 7TH FLOOR |
| DIVISION OF LIENS AND RECOVERY | | |
| ZAFAR TAHIRA | Recipient | 3135 CRESCENT ST APT 3T |

## Documents

| Type | Filed Date | Scanned Date | Trans # | Paym # | Paym Status |
|---|---|---|---|---|---|
| SOCIAL SERVICES LIEN | 10/23/2018 | | | | |

## Remarks

| Control Number | Date | Remark |
|---|---|---|