| | |
|---|---|
| Alan Nisselson, *Ch. 7 Trustee* (anisselson@windelsmarx.com) WINDELS MARX LANE & MITTENDORF, LLP 156 West 56th Street New York, New York 10019 Telephone (212) 237-1000 | Hearing Date: January 9, 2025 @ 11:00 a.m. Objections Due: January 2, 2025 @ 5:00 p.m. |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re

Tahira Zafar,

                Debtor.

Chapter 7

Case No. 1-18-44333-nhl

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION AND DEADLINE TO OBJECT

**PLEASE TAKE NOTICE,** that pursuant to Bankruptcy Rules 2002(a)(6) and 2002(f)(8), Alan Nisselson, trustee of the chapter 7 estate of Tahira Zafar, has filed a Final Report and the Trustee and the Trustee's professionals have filed final fee applications (the "**Compensation Applications**"), which are summarized in the attached Summary of Trustee's Final Report. The complete Final Report and Compensation Applications are available for inspection at the Office of the Clerk of the Court, United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, NY, 11201, on the Court's website, www.nyeb.uscourts.gov, or upon request from the Trustee.

**PLEASE TAKE FURTHER NOTICE,** that, a hearing on the fee applications and any objection to the Final Report will be held on January 9, 2025 at 11:00 a.m. at the United States Bankruptcy Court for the Eastern District of New York before the honorable Nancy Hershey Lord, United States Bankruptcy Judge. If no objections are filed, upon entry of an order on the fee applications, the Trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

**PLEASE TAKE FURTHER NOTICE,** that, any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection by January 2, 2025 at 5:00 p.m., serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.

**PLEASE TAKE FURTHER NOTICE,** that, any party that files an objection is required to attend the Hearing and failure to attend may result in relief being granted upon default. **All hearings before Judge Nancy Hershey Lord will be conducted solely using the Webex audio video platform**. All participants must register with eCourt Appearances in advance of all telephonic and videoconference appearances. eCourt Appearances registration is required by both attorneys and non-attorney participants. Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF

accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Once registered, eCourt Appearances will email the telephone number and/or video link for your hearing. You may register for hearings weeks in advance, but the telephone number and/or video link will not be emailed to you until **48 hours before the hearing date**. Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email with the telephone number and/or video link. Those unable to access eCourt Appearances must email Judge Nancy Hershey-Lord's Courtroom Deputy at: nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

**PLEASE TAKE FURTHER NOTICE,** that, the Hearing may be adjourned from time to time without any further notice except for an announcement at the Hearing.

| Dated: New York, New York<br>December 4, 2024 | Alan Nisselson, *Chapter 7 Trustee*<br><br>*/s/ Alan Nisselson* |
|---|---|

{12380494:1}             2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

TAHIRA ZAFAR § Case No. 1-18-44333-NHL
Debtor(s) § Chapter 7
§
§

---

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on 07/26/2018. The undersigned trustee was appointed on 07/26/2018.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of        $        175,000.00

   Funds were disbursed in the following amounts:

|  |  |
|---|---:|
| Payments made under an interim distribution | 31,200.00 |
| Administrative expenses | 62,617.71 |
| Bank service fees | 1,662.79 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 36,575.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 42,944.50 |

The remaining funds are available for distribution.

---
[1]The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 12/24/2018 and the deadline for filing governmental claims was 01/22/2019. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,000.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $0.00 as interim compensation and now requests the sum of $8,000.00, for a total compensation of $8,000.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $31.00 for total expenses of $31.00[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/04/2024            By: /s/ Alan Nisselson
                                                     Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

---

[2]If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (5/1/2011)**

# Form 1
# Individual Estate Property Record and Report
# Asset Cases

Exhibit A
Page: 1

**Case No.:** 1-18-44333-NHL  **Trustee Name:** (521091) Alan Nisselson
**Case Name:** TAHIRA ZAFAR  **Date Filed (f) or Converted (c):** 07/26/2018 (f)
  **§ 341(a) Meeting Date:** 09/05/2018
**For Period Ending:** 12/04/2024  **Claims Bar Date:** 12/24/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled And Unscheduled (u) Property) Ref. # | **Petition/ Unscheduled Values** | **Estimated Net Value** (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | **Property Formally Abandoned OA=§554(a) abandon.** | **Sale/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 1  Checking: Capital One Bank NA | 200.00 | 0.00 | | 0.00 | FA |
| 2  Furniture and other household furnishings | 4,000.00 | 0.00 | | 0.00 | FA |
| 3  Clothing - debtor's personal wardrobe | 500.00 | 0.00 | | 0.00 | FA |
| 4  Jewelry | 900.00 | 0.00 | | 0.00 | FA |
| 5  Personal Injury Action<br>Tahira Zafar v. Concord Owners, Inc. Queens County Ind. No. 702507/2016.<br>Upon Motion of the Trustee and by Order dated 7/22/2020, the Court approved the Settlement of $175,000.00, the fees and expenses of Omrani & Taub, P.C. in the respective amounts of $37,473.87 and $6,435.00; and the fees of Farris A. Fayyaz, Esq. in the amount of $18,708.84; and authorized the Trustee to pay the lien of Comprehensive Orthopedic & Spine Care in the amount of $1,200.00; the Debtor the amount of $36,575.00 for her allowed claimed exemptions. Approved by Order dated 7/22/2020. (Dkt. No. 26) | Unknown | 22,807.29 | | 175,000.00 | FA |
| **5**  **Assets Totals (Excluding unknown values)** | **$5,600.00** | **$22,807.29** | | **$175,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**


**Initial Projected Date Of Final Report (TFR):** 12/31/2022    **Current Projected Date Of Final Report (TFR):** 12/04/2024 (Actual)

12/04/2024    /s/Alan Nisselson
Date    Alan Nisselson

# Form 2

## Cash Receipts And Disbursements Record

Exhibit B

Page: 1

| Case No.: | 1-18-44333-NHL | Trustee Name: | Alan Nisselson (521091) |
|---|---|---|---|
| Case Name: | TAHIRA ZAFAR | Bank Name: | Metropolitan Commercial Bank |
| Taxpayer ID #: | **-***6533 | Account #: | ******8855 Checking Account |
| For Period Ending: | 12/04/2024 | Blanket Bond (per case limit): | $36,707,056.00 |
| | | Separate Bond (if applicable): | N/A |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposit $ | Disbursement $ | Account Balance |
| 03/19/24 | {5} | Technology Insurance Co. | Settlement of Personal Injury Action approved by Order dated 7/22/2020. (Dkt. No. 26) | 1142-000 | 175,000.00 | | 175,000.00 |
| 03/29/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 37.29 | 174,962.71 |
| 04/30/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 298.29 | 174,664.42 |
| 05/31/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 288.47 | 174,375.95 |
| 06/28/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 260.13 | 174,115.82 |
| 07/31/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 306.12 | 173,809.70 |
| 08/20/24 | 101 | Department of Social Services | Payment of DSS Medicaid Lien against PI Action Settlement approved by Order dated 8/14/2024. (Dkt. No. 41) | 4210-000 | | 30,000.00 | 143,809.70 |
| 08/20/24 | 102 | Tahira Zafar | Payment of Debtor's allowed Exemption for PI Action approved by Order dated 7/22/2020. (Dkt. No. 26) | 8100-000 | | 36,575.00 | 107,234.70 |
| 08/20/24 | 103 | Comprehensive Orthopedic & Spine Care | Payment of Medical Lien against PI Action Settlement approved by Order dated 7/22/2020. (Dkt. No. 26) | 4210-000 | | 1,200.00 | 106,034.70 |
| 08/20/24 | 104 | The Law Office of Farris Fayyaz, P.C. | Payment of Personal Injury Counsel's Fees approved by Order dated 7/22/2020. (Dkt. No. 26) | 3220-610 | | 18,708.84 | 87,325.86 |
| 08/20/24 | 105 | Omrani & Taub, P.C. | Payment of Personal Injury Counsel's Fees approved by Order dated 7/22/2020. (Dkt. No. 26) | 3210-600 | | 37,473.87 | 49,851.99 |
| 08/20/24 | 106 | Omrani & Taub, P.C. | Payment of Personal Injury Counsel's Expenses approved by Order dated 7/22/2020. (Dkt. No. 26) | 3220-610 | | 6,435.00 | 43,416.99 |
| 08/30/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 277.80 | 43,139.19 |
| 09/30/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 116.93 | 43,022.26 |
| 10/31/24 | | Metropolitan Commercial Bank | Bank and Technology Services Fees | 2600-000 | | 77.76 | 42,944.50 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | | 175,000.00 | 132,055.50 | $42,944.50 |
| Less: Bank Transfers/CDs | | 0.00 | 0.00 | |
| Subtotal | | 175,000.00 | 132,055.50 | |
| Less: Payments to Debtors | | | 36,575.00 | |
| NET Receipts / Disbursements | | $175,000.00 | $95,480.50 | |

{ } Asset Reference(s)    UST Form 101-7-TFR (5/1/2011)    ! - transaction has not been cleared

# Form 2

## Cash Receipts And Disbursements Record

Exhibit B
Page:   2

| | | | |
|---|---|---|---|
| **Case No.:** | 1-18-44333-NHL | **Trustee Name:** | Alan Nisselson (521091) |
| **Case Name:** | TAHIRA ZAFAR | **Bank Name:** | Metropolitan Commercial Bank |
| **Taxpayer ID #:** | **-***6533 | **Account #:** | ******8855 Checking Account |
| **For Period Ending:** | 12/04/2024 | **Blanket Bond (per case limit):** | $36,707,056.00 |
| | | **Separate Bond (if applicable):** | N/A |

| | |
|---:|---:|
| Net Receipts: | $175,000.00 |
| Plus Gross Adjustments: | $0.00 |
| Less Payments to Debtor: | $36,575.00 |
| Less Other Noncompensable Items: | $0.00 |
| Net Estate: | $138,425.00 |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCES |
|---|---:|---:|---:|
| ******8855 Checking Account | $175,000.00 | $95,480.50 | $42,944.50 |
| | **$175,000.00** | **$95,480.50** | **$42,944.50** |

**UST Form 101-7-TFR (5/1/2011)**

Printed:   12/04/2024 7:40 AM                                                                                                                                                  Page:   1

# Exhibit C

## Claims Register

**Case: 1-18-44333-NHL TAHIRA ZAFAR**

**Claims Bar Date:** 12/24/18 12:00

| Claim # | Claimant Name | Claim Type | Acct#/ Memo/Journal | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| COSC | Comprehensive Orthopedic & Spine Care<br>PO Box 504<br>Cedarhurst , NY 11516 | Secured | | $ 1,200.00 | $1,200.00 | $0.00 |
| | | | Payment of Medical Lien asserted against Personal Injury Action Settlement, Approved by Order dated 7/22/2020. (Dkt. No. 26) | | | |
| DSS LIEN | Department of Social Services<br>New York City Human Resources Administration<br>Division of Liens and Recovery P.O. Box 414799<br>Boston, MA 02241-4799 | Secured | | $ 30,000.00 | $30,000.00 | $0.00 |
| | | | Medicaid Lien against Personal Injury Action Settlement. DSS Agreed to reduce lien amount from $50,210.71 to $30,000.00 (See letter dated 8/9/2024, Dkt. No. 40).  Payment of lien approved by Order dated 8/15/2024 (Dkt. No. 41). | | | |
| EXEMPT | Tahira Zafar<br>31-35 Crescent Street<br>Apt. 3T<br>Astoria, NY 11106 | Secured | | $ 36,575.00 | $36,575.00 | $0.00 |
| | | | Debtor's allowed claimed exemption.  Payment approved  by Order dated 7/22/2020. (Dkt. No. 26) | | | |
| FEE | Alan Nisselson<br>156 West 56th Street<br>New York, NY 10019 | Admin Ch. 7 | | $ 8,000.00 | $0.00 | $8,000.00 |

Printed:  12/04/2024 7:40 AM

Page:  2

# Exhibit C

## Claims Register

**Case: 1-18-44333-NHL TAHIRA ZAFAR**

**Claims Bar Date:** 12/24/18 12:00

| Claim # | Claimant Name | Claim Type | Acct#/ Memo/Journal | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| TE | Alan Nisselson<br>156 West 56th Street<br>New York, NY 10019 | Admin Ch. 7 | | $ 31.00 | $0.00 | $31.00 |
| | Omrani & Taub, P.C.<br>76 S. Lexington Avenue<br>White Plains , NY 10606 | Admin Ch. 7 | Special Personal Injury Counsel for the Trustee fees allowed by Order dated 7/22/2020. (Dkt. No. 26) | $ 37,473.87 | $37,473.87 | $0.00 |
| | Omrani & Taub, P.C.<br>76 S. Lexington Avenue<br>White Plains, New York 10606 , NY 10606 | Admin Ch. 7 | Special Personal Injury Counsel for the Trustee Expenses allowed per Order dated 7/22/2020. (Dkt. No. 26) | $ 6,435.00 | $6,435.00 | $0.00 |
| | The Law Office of Farris Fayyaz, P.C.<br>818 Coney Island Avenue<br>Brooklyn, NY 11218 | Admin Ch. 7 | Special Personal Injury Counsel for the Trustee fees allowed per Order dated 7/22/2020. (Dkt. No. 26) | $ 18,708.84 | $18,708.84 | $0.00 |
| | Windels Marx Lane & Mittendorf, LLP<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 | | $ 27,000.00 | $0.00 | $27,000.00 |

| Printed: 12/04/2024 7:40 AM | Exhibit C | Page: 3 |

## Claims Register

**Case: 1-18-44333-NHL TAHIRA ZAFAR**

**Claims Bar Date:** 12/24/18 12:00

| Claim # | Claimant Name | Claim Type | Acct#/ Memo/Journal | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
|  | Windels Marx Lane & Mittendorf, LLP<br>156 West 56th St.<br>New York, NY 10019 | Admin Ch. 7 |  | $ 127.84 | $0.00 | $127.84 |
| 1 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured |  | $ 7,639.59 | $0.00 | $7,639.59 |
| 2 | TD Bank, USA<br>by American InfoSource as agent<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | Unsecured |  | $ 332.24 | $0.00 | $332.24 |
| 3 | U.S. Bank NA dba Elan Financial Services<br>Bankruptcy Department<br>PO Box 108<br>St. Louis, MO 63166-0108 | Unsecured |  | $ 2,454.81 | $0.00 | $2,454.81 |
| 4 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2238 | Unsecured |  | $ 4,896.04 | $0.00 | $4,896.04 |

Printed: 12/04/2024 7:40 AM

Page: 4

## Exhibit C

## Claims Register

**Case: 1-18-44333-NHL TAHIRA ZAFAR**

**Claims Bar Date:** 12/24/18 12:00

| Claim # | Claimant Name | Claim Type | Acct#/ Memo/Journal | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 5 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Unsecured | | $ 1,165.32 | $0.00 | $1,165.32 |
| 6 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | Unsecured | | $ 1,886.88 | $0.00 | $1,886.88 |
| 7 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | Unsecured | | $ 313.74 | $0.00 | $313.74 |
| 8 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | Unsecured | | $ 1,498.54 | $0.00 | $1,498.54 |

**Case Total:** $130,392.71   $55,346.00

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 1-18-44333-NHL
Case Name: TAHIRA ZAFAR
Trustee Name: Alan Nisselson

**Balance on hand:** $ 42,944.50

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| DSS LIEN | Department of Social Services | 30,000.00 | 30,000.00 | 30,000.00 | 0.00 |
| COSC | Comprehensive Orthopedic & Spine Care | 1,200.00 | 1,200.00 | 1,200.00 | 0.00 |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 42,944.50

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Alan Nisselson | 8,000.00 | 0.00 | 8,000.00 |
| Trustee, Expenses - Alan Nisselson | 31.00 | 0.00 | 31.00 |
| Attorney for Trustee Fees - Windels Marx Lane & Mittendorf, LLP | 27,000.00 | 0.00 | 27,000.00 |
| Attorney for Trustee, Expenses - Windels Marx Lane & Mittendorf, LLP | 127.84 | 0.00 | 127.84 |
| Special Counsel for Trustee Fees - Omrani & Taub, P.C. | 37,473.87 | 37,473.87 | 0.00 |
| Special Counsel for Trustee Expenses - Omrani & Taub, P.C. | 6,435.00 | 6,435.00 | 0.00 |
| Special Counsel for Trustee Expenses - The Law Office of Farris Fayyaz, P.C. | 18,708.84 | 18,708.84 | 0.00 |

Total to be paid for chapter 7 administrative expenses: $ 35,158.84
Remaining balance: $ 7,785.66

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 7,785.66

**UST Form 101-7-TFR(5/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | |
|---|---|
| Total to be paid for priority claims: | $ 0.00 |
| Remaining balance: | $ 7,785.66 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $20,187.16 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 38.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | 7,639.59 | 0.00 | 2,946.39 |
| 2 | TD Bank, USA | 332.24 | 0.00 | 128.14 |
| 3 | U.S. Bank NA dba Elan Financial Services | 2,454.81 | 0.00 | 946.76 |
| 4 | Bank of America, N.A. | 4,896.04 | 0.00 | 1,888.27 |
| 5 | American Express National Bank | 1,165.32 | 0.00 | 449.43 |
| 6 | Midland Funding LLC | 1,886.88 | 0.00 | 727.72 |
| 7 | Midland Funding LLC | 313.74 | 0.00 | 121.00 |
| 8 | Midland Funding LLC | 1,498.54 | 0.00 | 577.95 |

| | |
|---|---|
| Total to be paid for timely general unsecured claims: | $ 7,785.66 |
| Remaining balance: | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

| | |
|---|---|
| Total to be paid for tardily filed general unsecured claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR(5/1/2011)**

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | | None | | |

| | |
|---|---|
| Total to be paid for subordinated claims: | $ 0.00 |
| Remaining balance: | $ 0.00 |

**UST Form 101-7-TFR(5/1/2011)**